UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK A. SMITH,

                              Plaintiff,

                                                        **DECISION**
          -v-                                           **and ORDER**


Lieutenant R. DONAHUE, and                              **O3-CV-325F**
C.O. J. RICHARDS, JR.,                                  **(Consent)**
                              Defendants.
_____


APPEARANCES:          MARK A. SMITH
                      Plaintiff *Pro Se*
                      Box 782
                      Rhinebeck, New York 12572

                      ELIOT L. SPITZER
                      ATTORNEY GENERAL, STATE OF NEW YORK
                      Attorney for Defendant
                      MICHAEL A. SIRAGUSA,
                      ASSISTANT ATTORNEY GENERAL, OF COUNSEL
                      Statler Towers, Fourth Floor
                      107 Delaware Avenue
                      Buffalo, New York 14202


## JURISDICTION

        The parties have consented to proceed before the undersigned pursuant to Title

28 U.S.C. § 636(c).  The matter is before the court on the Defendant's motion for

summary judgment (Docket No. 25) filed April 27, 2004.


## BACKGROUND

        Plaintiff commenced this action on April, 23, 2003 pursuant to Title 42 U.S.C.

§1983, claiming a violation of the Eighth and Fourteenth Amendments for alleged

excessive use of force and a retaliatory misbehavior report (Docket No. 1).  On May 22,

2003, Plaintiff was granted *in forma pauperis* status (Docket No. 3).  On June 23, 2003,

Defendants filed an Answer to the Complaint (Docket No. 4).  Defendant moved for

summary judgment on April 27, 2004, arguing that the force used against Plaintiff was

*de minimis* and not excessive, that Defendant Donahue had no personal involvement in

the alleged assault, and that Plaintiff's claim of retaliation is not constitutionally

cognizable (Docket No. 25).

Plaintiff filed a response to the motion on May 26, 2004 (Docket Nos. 36-38).

Oral argument was deemed unnecessary.  For the following reasons, Defendant's

motion for summary judgment is GRANTED in part and DENIED in part.


## FACTS[1]

At the time of the alleged constitutional deprivations, Plaintiff was an inmate in

the custody of the New York State Department of Correctional Services housed at the

Southport Correctional Facility.  Plaintiff alleges that on October 9, 2002 he testified at a

disciplinary hearing before Lt. Donahue.  Following his testimony, he was told to wait

outside the hearing room for the disposition.  Plaintiff alleges that, while waiting, he was

grabbed from behind by Defendant Richards and pushed over a railing.  Plaintiff was

then stomped upon and kicked in the chest, stomach and face by Defendant Richards.

Plaintiff further alleges that he filed a written complaint about the alleged assault and

---

[1]  This factual statement is taken from the pleadings and papers filed in the action.

that, in retaliation for the complaint, Lt. Donahue filed a misbehavior report charging Plaintiff with making threats (Doc. No. 1).

In support of the motion for summary judgment, Defendants submitted a declaration of Defendant Richards in which Richards stated that he was present at Plaintiff's Tier III disciplinary hearing on October 9, 2002, but denied threatening Plaintiff with physical harm (Docket No. 28 ¶ 4). Defendant Richards stated that, following the hearing, he escorted Plaintiff into the hallway to await the disposition. *Id.* ¶ 5. Richards ordered Plaintiff to stand against the wall, but Plaintiff responded with profanity and attempted to run away. *Id.* ¶ 6. Richards stated that he grabbed Plaintiff by his waist chain, and that Plaintiff struggled with him. Richards further averred that other corrections staff arrived and they subdued Plaintiff. *Id.* ¶ 7. Plaintiff refused to stand, so the staff carried him to the shower area. *Id.* ¶ 8. Richards denied stomping, kicking, or punching Plaintiff. *Id.* ¶ 9.

In further support of the motion, Defendant submitted a declaration of Defendant Donahue (Doc. No. 29). Lt. Donahue stated that he conducted Plaintiff's disciplinary hearing October 9, 2002. *Id.* ¶ 4. Following the hearing, Lt. Donahue directed Richards to escort Plaintiff to the hallway. *Id.* ¶ 5. Shortly thereafter, Lt. Donahue heard a commotion in the hallway, and observed Plaintiff struggling with Richards. *Id.* ¶ 6. Several other staff members arrived and assisted in restraining Plaintiff. *Id.* ¶ 7. Lt. Donahue stated that he did not fail to intervene in the alleged assault upon Plaintiff, because he witnessed no assault. Lt. Donahue stated that corrections staff used appropriate force "to quell the disturbance, to maintain discipline, to maintain order, to

maintain security within the facility, and to protect themselves and others."   *Id.* ¶ 9.

Based on the incident, Plaintiff filed a grievance on October 10, 2002.   *Id.* ¶ 11.   In a

letter to DOCS Commissioner Goord regarding the October 9, 2002 incident, Plaintiff

stated: "Because I fear for my life and this administration has not taken my complaints

seriously, I am left with no other choice but to assault whatever correction staff comes

to get me out of my cell because I don't know if their intent is to hurt me."   *Id.* Exh. A.

Lt. Donahue then filed a misbehavior report against Plaintiff for his threats against staff

in violation of DOCS rule 102.10.   *Id.* ¶¶ 13, 16.   Plaintiff was not disciplined for this

letter, as the disciplinary hearing was not timely commenced.   *Id.* ¶ 15.

Defendants also submitted a declaration of Connie L. DeMerritt, a registered

nurse at Southport.   Ms. DeMerritt examined Plaintiff in conformance with DOCS policy

following the use of force incident on October 9, 2002.   Plaintiff complained of lumbar

back pain, but DeMerritt observed no visible swelling, redness or eccymosis (Doc. No.

30 ¶ 5).   According to DeMerritt, Plaintiff had a small abrasion on his right wrist, and she

advised him to keep it clean.   *Id.* ¶ 6.   However, Ms. DeMerritt observed no injuries

consistent with Plaintiff's allegations that he was stomped on and kicked.   *Id.,* ¶ 10.

Finally, Defendants offered a declaration of Paul Bryington, who took photographs of

Plaintiff after the use of force incident (Doc. No. 31).   The photographs are filed as

Docket No. 32.

In opposition to Defendants' motion, Plaintiff stated that prior to the Tier III

hearing on October 9, 2002, Defendants Richards and Donahue threatened him with

physical harm (Docket No. 38 ¶ 4).   Plaintiff stated that he was attacked without

provocation by Defendant Richards and that Defendant Donahue observed the assault and refused to intervene.  *Id.* ¶¶ 5-6.  Plaintiff stated that he was dragged to the shower area, where defendant Richards stomped upon and kicked him.  *Id., ¶* 7.  Finally, Plaintiff stated that neither Commissioner Goord, to whom the letter was written, nor his designee Wayne Wilhelm directed that Defendant Donahue file a misbehavior report regarding the letter.  *Id.* ¶ 11.

## <u>DISCUSSION</u>

**1.  Summary Judgment Standard**

The standard of review on a motion for summary judgment is well established. Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The burden of establishing that no genuine factual dispute exists rests on the party seeking summary judgment.  *See Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 36 (2d Cir. 1994).  The movant may discharge this burden by demonstrating that there is an absence of evidence to support the nonmoving party's case on an issue on which the non-movant has the burden of proof.  *See Celotex*, 477 U.S. at 323.

If the moving party meets its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The function

of a district court in considering a summary judgment motion is not to resolve disputed

issues of fact, but to determine whether there is a genuine issue to be tried.  *Gallo v.*

*Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).  In assessing the

record, including any affidavits, exhibits, and other submissions, the court is required to

resolve all ambiguities and to draw all factual inferences in favor of the nonmoving

party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Rattner v. Netburn,*

930 F.3d 204, 209 (2d Cir. 1991).  The nonmoving party may not rest upon

unsubstantiated allegations, conclusory assertions or mere denials, but must set forth

and establish specific facts showing that there is a genuine issue for trial.  Fed. R. Civ.

P. 56(e).  A metaphysical or other whimsical doubt concerning a material fact does not

establish a genuine issue requiring trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.,* 475 U.S. 574, 584 (1986).  If there is any evidence in the record from any source

from which a reasonable inference could be drawn in favor of the nonmoving party,

summary judgment is improper.  *Chambers,* 43 F.3d at 37.


**2.  Excessive Use of Force**

Defendants do not dispute that force was used against Plaintiff during the

October 9, 2002 incident, but contend that the force used against Plaintiff was *de*

*minimis* and was part of a justified attempt to maintain discipline and security when

Plaintiff refused to obey a direct order.  Plaintiff contends that he was the victim of an

unprovoked assault, and was stomped upon and kicked.  Defendants also argue that

Plaintiff suffered no injuries that would be consistent with an assault as described by

6

Plaintiff, and thus Plaintiff has failed to raise an issue of fact.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" based on the "unnecessary and wanton infliction of pain" at the hands of prison officials. *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993). "A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components--one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000).

To meet the objective standard for an excessive force claim, the plaintiff must establish that the deprivation alleged is sufficiently serious or harmful enough to reach constitutional dimensions. *Romano v. Howarth*, 998 F.2d at 105 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). In this regard, while a *de minimis* use of force will rarely suffice to state a constitutional claim, the plaintiff is not required to show that the application of force resulted in serious injury. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). As explained by the Supreme Court in *Hudson*:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. . .. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'

*Id.* at 9-10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033 (1973); *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

To meet the subjective requirement, the inmate must show that the prison

officials involved "had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citations omitted).  "[I]n excessive force cases, the 'wantonness' inquiry turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (quoting *Hudson*, 503 U.S. at 7).  "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321).

While plaintiff's injuries, lumbar back pain and an abrasion on his hand, do not appear to have been serious, the court finds a question of material fact exists regarding the circumstances under which Plaintiff sustained these injuries.  *See Corselli v. Coughlin*, 842 F.2d 23, 26-27 (2d Cir. 1988) (even if injuries suffered were not permanent or severe, plaintiff may still recover if force used was unreasonable and excessive).  As noted, Defendants admit that Plaintiff was subjected to the use of force, but contend that the use of force was *de minimis*, and thus justified.  Plaintiff states that he was the victim of an unprovoked assault.  Whether the proof will establish that Plaintiff's injuries resulted from an unprovoked attack or the measured and reasonable use of force presents a question of fact as to whether, under the circumstances presented, such force "was applied in a good-faith effort to maintain or restore prison discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7; *see*

8

*also Gibbs v. MacKay,* 2005 WL 735966, *6 (W.D.N.Y. March 31, 2005) (summary

judgment denied where plaintiff alleged he was punched, kicked and rammed into the

wall, while the officers suggested plaintiff's injuries resulted from his banging his head

into the wall of his cell); *Smith v. Marcellus*, 917 F.Supp. 168, 173-74 (W.D.N.Y.1995)

(summary judgment denied where officers claimed they handcuffed plaintiff and walked

him to his cell, while plaintiff claimed that the officers struck him with batons and a

walkie-talkie and pushed plaintiff's head against the wall as they handcuffed him); *see

also Messina v. Mazzeo*, 854 F.Supp. 116, 133-34 (E.D.N.Y. 1994) (issue of excessive

force best left for jury if plaintiff establishes that force was used and some injury was

sustained).

      Additionally, Defendants contend that Defendant Donahue was not personally

involved in the alleged assault upon Plaintiff, and so he must be dismissed from the

case.  It is well-settled in this Circuit that "personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983."

*Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (quoting *Moffitt v. Town of

Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991), *cert. denied,* 125 S.Ct. 971 (2005).  An

officer is personally involved in the use of excessive force if he either: (1) directly

participates in an assault; or (2) was present during the assault, yet failed to intercede

on behalf of the victim even though he had a reasonable opportunity to do so.  *See

Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997); *Anderson v.

Branen*, 17 F.3d 552, 557 (2d Cir.1994).

      Here, Lt. Donahue stated that he heard a commotion in the hallway and

observed Defendant Richards involved in a struggle with Plaintiff.  Defendant Richards

was then joined by other staff members who subdued Plaintiff.  If the trier of fact should

credit the Plaintiff's view of the evidence, that he was the victim of an unprovoked

attack and that the use of force was excessive, there is also a question of fact whether

Defendant Donahue had a reasonable opportunity to intervene.  Accordingly, the

motion for summary judgment as to the use of force claim is DENIED.


**3.  Retaliation**

Plaintiff also alleges that Defendant Donahue, in retaliation for the filing of a

grievance regarding the alleged assault, filed a misbehavior report against him.

Defendants state that the misbehavior report was filed for Plaintiff's threats against staff

in a letter to DOCS Commissioner Goord.  In his letter, plaintiff wrote: "Because I fear

for my life and this administration has not taken my complaints seriously, I am left with

no other choice but to assault whatever correction staff comes to get me out of my cell

because I don't know if their intent is to hurt me."  (Doc. Item 29 Exh. A).

In order to state a *prima facie* claim under section 1983 for retaliatory conduct, a

plaintiff must advance non-conclusory allegations establishing that (1) the conduct at

issue was protected, (2) the defendants took adverse action against the plaintiff, and (3)

there was a causal connection between the protected activity and the adverse action -

in other words, that the protected conduct was a "substantial or motivating factor" in the

prison officials' decision to take action against the plaintiff.  *Mount Healthy City Sch.*

*Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Dawes v. Walker*, 239 F.3d 489,

492 (2d Cir. 2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S.

506 (2002).  If the plaintiff sustains this burden, the defendants must show by a

preponderance of the evidence that they would have taken action against the plaintiff

"even in the absence of the protected conduct."  *Mount Healthy*, 429 U.S. at 287.  If

taken for both proper and improper reasons, state action may be upheld if the action

would have been taken based on the proper reasons alone.  *Graham v. Henderson*, 89

F.3d 75, 79 (2d Cir. 1996).

When an inmate alleges a claim of retaliation, courts are instructed to examine

the claim with care.  Prisoner's retaliation claims are "prone to abuse," and the Second

Circuit insists on a higher level of detail in pleading.  *See Gill v. Mooney,* 824 F.2d 192,

194 (2d Cir. 1987).  "Mere conclusory allegations" are insufficient to withstand a motion

for summary judgment, once the moving party has sustained its burden.  *Flaherty v.

Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Here, Plaintiff has failed to satisfy his burden of proving a *prima facie* case of

retaliation.  While the filing of a grievance is protected conduct, *see Jones v. Coughlin,*

45 F.3d 677, 679-80 (2d Cir. 1995) ("a prisoner has a substantive due process right not

to be subjected to false misconduct charges as retaliation for his exercise of a

constitutional right such as petitioning the government for redress of his grievances.");

*Lashley v. Wakefield,* 367 F.Supp.2d 461, 466 n.4 (W.D.N.Y. 2005), and Lt. Donahue

served Plaintiff with a misbehavior report, no disciplinary action was taken against

Plaintiff, as the Tier III hearing was not timely commenced pursuant to DOCS

regulations.  Additionally, Defendants have shown an independent reason for the

misbehavior report aside from Plaintiff's grievance.  Plaintiff does not deny that he

wrote the letter in question to Commissioner Goord, and that the letter contains threats

against corrections staff in violation of DOCS rules.  Thus, the issuance of the

misbehavior report would have been proper for this reason alone, and Plaintiff's

retaliation claim therefore cannot survive.  Accordingly, summary judgment is

GRANTED with respect to Plaintiff's retaliation claim.


### 4.  Qualified Immunity

Finally, Defendants argue that they are entitled to qualified immunity.

As a general rule, law enforcement officers "are entitled to qualified immunity if (1) their

actions did not violate clearly established law, or (2) it was objectively reasonable for

them to believe that their actions did not violate such law."  *Warren v. Keane*,196 F.3d

330, 332 (2d Cir. 1999) (citing *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996)); *Oliveira*

*v. Mayer*, 23 F.3d 642, 648 (2d Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995).

Qualified immunity shields government officials performing discretionary

functions from liability for damages "insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Freedom from the use of

excessive force is a clearly established constitutional right.  The issue is whether it was

objectively reasonable for the Defendants to believe that their acts did not violate

Plaintiff's right to be free from the use of excessive force.

Here, as discussed, there is an issue of fact surrounding the circumstances of

the alleged excessive force.  Plaintiff maintains that he was the victim of an unprovoked

attack and was stomped upon and kicked, while defendants maintain that the use of

force was *de minimis* and justified to maintain order.  These factual issues therefore

also preclude summary judgment on the defense of qualified immunity.


## CONCLUSION

The Defendants' motion for summary judgment is DENIED with respect to the

excessive force claim, and GRANTED with respect to the retaliation claim (Docket No.

25).  The parties are directed to appear for a conference on July 27, 2005 at 10:00 a.m.

to set a schedule for trial of this matter.  Plaintiff must contact the court with a telephone

number where he can be reached.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        June 21 , 2005
              Buffalo, New York